UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
JOHN SOLOMON,

                                 Plaintiff,                9:09-CV-1103
                                                                      (GLS/GJD)

     v.

STATE OF NEW YORK; DEPARTMENT OF
CORRECTIONAL SERVICES; BRIAN FISCHER;
DAVID ROCK,

                                 Defendants.
_____
APPEARANCES:

JOHN SOLOMON
Plaintiff, *pro se*

GARY L. SHARPE
U.S. DISTRICT JUDGE

## **DECISION AND ORDER**

**I.    Introduction**

By Order filed November 3, 2009 (the "November Order"), *pro se* plaintiff John Solomon was afforded an opportunity to file an amended complaint which states a claim for the violation of his constitutional rights upon which relief may be granted. Dkt. No. 4.[1] Solomon was advised that if he did not comply with the November Order, this action would be dismissed without prejudice. *Id.* at 8.

Solomon's submission in response to the November Order is before this Court for review. Upon due consideration, and for the reasons set forth below, the Court finds that Solomon has failed to submit a pleading which states a claim upon which relief may be granted and hereby dismisses this action, without prejudice.

---

      [1] Solomon was granted leave to proceed with this action *in forma pauperis*. *Id.* at 8.

**II.    Discussion**

**(A) Legal Standard**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).[2]  When reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (*quoting Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly v. Bell Atlantic Corp.*, 550 U.S.

---

[2]  Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* (citing Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted).

### (B) Solomon's Original Complaint

In his original complaint, Solomon alleged that during the period June 6, 2009 through July 6, 2009, two corrections officers "mitigated to harass me." Dkt. No. 1 at 4.[3] Solomon also claimed that from July 6, 2009 "to present date other staff members violate my civil and constitutional rights...." *Id.* at 4-5. The complaint did not identify these "staff members" nor did Solomon set forth any facts in support of this claim. While Solomon alleged that he "receive retaliatory treatment for filing grievances and Section 1983 claims" he did not identify these grievances nor did he provide any other supporting facts. The State of New York, the Department of Correctional Services ("DOCS"), DOCS Commissioner Brian Fischer, and Great Meadow Correctional Facility Superintendent David Rock were named as defendants. In addition to damages, Solomon requested an order of this Court terminating defendants' employment and initiating criminal proceedings

---

[3] These officers are not named as defendants.

against them.  *Id.* at 5.

Upon review of the complaint, the Court determined that these allegations were insufficient as a matter of law to state a claim for the violation of Solomon's constitutional rights against the named defendants.  Dkt. No. 4 at 3-5.  The Court further ruled that the complaint, as drafted, was not sufficient to warrant the recovery of damages because Solomon alleged only that he suffered emotional stress and pain and suffering.  *Id.* at 5-6; *see* 42 U.S.C.§ 1997e(e).  Solomon was advised that his requests that criminal charges be brought against defendants and that they lose their jobs were beyond the purview of this Court.  *Id.* at 6.

In light of Solomon's *pro se* status, and notwithstanding the Court's "serious concerns [ ] with respect to the viability of the claims alluded to in the complaint," he was afforded the opportunity to file an amended complaint.  *Id.* at 4.  Solomon was specifically advised that verbal threats and/or racially offensive language, while not professional or condoned, do not give rise to a cognizable claim under 42 U.S.C. § 1983, and that claims of retaliation must be supported by non-conclusory allegations.  *Id.* at 6-7.  Solomon was advised that any amended complaint submitted must be a complete pleading which set forth all of his claims against the defendants.  *Id.* at 7.

### (C) Solomon's Amended Complaint

In response to the November Order, Solomon submitted a "Notice to Amended Complaint" and a one page "Statement of Facts and Memorandum of Law."  Dkt. No. 5 at 2.  This submission names Brian Fischer and Thomas LaValley as defendants.  Solomon alleges that from June through November, 2009, LaValley "allowed facility staff to deprive me of my constitutional rights...."  Dkt. No. 5 at 2.  Solomon claims that "staff continuously

harass me by engaged in alleged duress," that "defendants [failed] to act to remedy the wrong and deficient management of subordinates by not removing the employee that was involved in the wrongful conduct." *Id.* With respect to defendant Fischer, Solomon claims that he was "notified about the allegation and still allowed adverse action happen to me in alleged conspiracy plot to retaliate against for violating my protected conduct,..." *Id.* Although neither individual is identified as a defendant, Solomon claims that "Deputy Superintendent for Security Charles F. Kelly and Captain R. Eastman were responsible for response to the allegation, they failure to act on information indicating that unconstitutional acts were occurring amounted to deliberate indifference ...." *Id.* Apart from referencing two grievances (by number only), Solomon has not provided any factual support for the allegations in the amended complaint.

Upon a thorough review of Solomon's amended complaint and with due regard for his status as a *pro se* litigant, the Court finds that this pleading fails to give defendants "fair notice" of the grounds upon which the claims are based. The amended complaint contains a litany of conclusory statements which amount to nothing more than legal conclusions and hollow allegations by Solomon that he has been harassed and threatened, and that unspecified acts of wrongdoing or misconduct were committed by unnamed individuals, allegedly in retaliation for Solomon having filed grievances and § 1983 actions. The amended complaint does not contain any factual allegations to support a finding that Fischer or LaValley were personally involved in the alleged violation of Solomon's constitutional rights. In sum, the allegations of the amended complaint are not sufficient to meet the standards set forth in *Ashcroft* and *Twombley*.

Significantly, the amended complaint's failure to provide defendants with "fair notice"

of the claims asserted against them followed this Court's November Order that, in dismissing Solomon's original complaint, explained its deficiencies and provided Solomon with an opportunity to cure the defects.  The November Order also advised Solomon that his failure to do so would result in dismissal.  Solomon has not complied with the Court's directions set forth in the November Order.

Moreover, the Court is not persuaded that a third pleading is reasonably likely to cure the deficiencies in Solomon's prior pleadings so as to survive the required scrutiny under 28 U.S.C. § 1915(e).  Accordingly, this action is hereby dismissed.  This dismissal is not an adjudication on the merits and is without prejudice.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that this action is **dismissed without prejudice** due to Solomon's failure to comply with the November Order and to file an amended complaint which states a claim upon which relief may be granted, see 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Solomon.

**IT IS SO ORDERED.**

Dated: December 15, 2009

*Gary L. Sharpe*
United States District Court Judge